IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:16-cr-140 |
| PETER ROMAR,<br>(a/k/a "PIERRE ROMAR"), | The Hon. Claude M. Hilton |
| Defendant. | |

**GOVERNMENT'S MOTION TO CERTIFY CASE
AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

The United States respectfully requests the Court to certify this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and to set a trial date accordingly. Under the Speedy Trial Act, trial of a defendant charged in an indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Nonetheless, this Court may schedule a trial beyond the 70-day time limit of the Speedy Trial Act where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice are so served, this Court shall consider whether a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii); *see United*

*States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995). Under this standard, the instant case is sufficiently complex to render appropriate a trial date outside the normal Speedy Trial limits. Specifically, the "nature of the prosecution" involves numerous electronic media, evidence in a foreign language, and classified information.

## BASIS FOR MOTION

The indictment charges the defendant, PETER ROMAR ("ROMAR"), with conspiring to commit extortion, in violation of 18 U.S.C. § 371; conspiring to access a protected computer without authorization, in violation of 18 U.S.C. § 1030(b); and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). The indictment alleges that ROMAR conspired with others to obtain unauthorized access to computer systems of companies, exfiltrate data from and cause damage to those computer systems, threaten further harm to the companies if they did not pay money to the conspirators, and receive money in response to those threats. Over the course of the conspiracy, ROMAR and his co-conspirators extorted or attempted to extort at least 14 victims and demanded more than $500,000 from those victims.

On September 29, 2015, ROMAR was charged by criminal complaint on similar offenses in the Eastern District of Virginia. On March 15, 2016, German authorities provisionally arrested ROMAR at the request of the United States. On May 9, 2016, ROMAR was extradited from Germany and arrived in the Eastern District of Virginia.

In the case before the Court, there are three grounds that justify certification of the case as complex under the Speedy Trial Act – the large number of relevant electronic media, the substantial volume of communications in a foreign language, and the relevant classified information requiring review.

2

### Electronic Media

When the defendant was arrested in Germany, he was in possession of multiple laptops and multiple telephones. On May 26, 2016, 17 days after the defendant's extradition, the German government delivered the defendant's electronic media to the United States pursuant to a request under the Mutual Legal Assistance Treaty between the United States and Germany.[1] On June 3, 2016, the government, out of an abundance of caution, obtained a search warrant from Magistrate Judge Theresa C. Buchanan to search these items. Reviewing all of the electronic media for relevant information will take time, for both the government and defense counsel. This process is likely to be particularly time-consuming since many of the communications on the media are in a foreign language. The electronic media is potentially significant in this case since they are the potential vehicles through which the conspirators communicated and/or gained unauthorized access to victim computers.

### Foreign Language

The defendant appears to speak multiple languages, including Arabic, German, and English. Many relevant communications that the government has identified are in Arabic. The government will need to translate portions of this foreign language material, and defense counsel may choose to translate all or other portions, which will require additional time.

### Classified Information

In this case, the government has identified classified information that must be reviewed for discovery and potential use at trial. To date, the government has reviewed a large portion of

---

[1] The United States requested such evidence on the same day that it sought the defendant's provisional arrest in Germany.

3

that material, prioritizing the most relevant material. However, much of the information still requires review.

The large number of electronic media, the extraterritorial nature of this case, and the existence of relevant classified information raises evidentiary and logistical issues that are more complex than in most cases. As a result, the government anticipates that providing full discovery and preparing for trial will be sufficiently time-consuming to render it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Accordingly, the United States respectfully requests that the Court designate the case as "complex" and that it further find that the ends of justice are best served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act.

Respectfully submitted,

Dana J. Boente
United States Attorney

_____/s/_____
Brandon L. Van Grack
Special Assistant United States Attorney (LT)

Maya D. Song
Assistant United States Attorney

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing (NEF) to the following:

Geremy Kamens
Office of the Federal Public Defender (Alexandria)
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
geremy_kamens@fd.org

*Counsel for defendant Peter Romar*

          /s/ Maya D. Song
Maya D. Song
Assistant United States Attorney
Eastern District of Virginia
(703) 299-3700
Maya.Song@usdoj.gov