IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

Criminal No. 1:16-cr-140

PETER ROMAR,
(a/k/a "PIERRE ROMAR"),

The Hon. Claude M. Hilton

Defendant.

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Brandon Van Grack, Special Assistant United States Attorney, and Maya D. Song, Assistant United States Attorney; the defendant, PETER ROMAR; and the defendant's counsel, Geremy C. Kamens, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Count One and Count Two of the indictment, which charges the defendant with conspiracy to violate 18 U.S.C. § 880, that is, to receive, possess, conceal, or dispose of any money or other property that was obtained from the commission of an offense under 18 U.S.C. § 875(d), in violation of Title 18, United States Code, Section 371 (Count One); and conspiracy to intentionally access a computer without authorization and exceed authorized access, thereby obtaining information from a protected computer, and the offense was committed in furtherance of a criminal act under 18 U.S.C. § 880, in violation of Title 18, United States Code, Section 1030(b) (Count Two). The maximum penalties for Count One are: a maximum term of imprisonment of 5 years, a fine of $250,000,

full restitution, forfeiture of assets as outlined below, a $100 special assessment, and 3 years of supervised release. The maximum penalties for Count Two are: a maximum term of imprisonment of 5 years, a fine of $250,000, full restitution, forfeiture of assets as outlined below, a $100 special assessment, and 3 years of supervised release. The defendant understands that the imposition of any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.      **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3.      **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.      the right to plead not guilty and to persist in that plea;

    b.      the right to a jury trial;

    c.      the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

2

       d.      the right at trial to confront and cross-examine adverse witnesses, to be

protected from compelled self-incrimination, to testify and present

evidence, and to compel the attendance of witnesses.

**4.     Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness. The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,

the United States and the defendant will recommend to the Court that the following provisions of

the Sentencing Guidelines apply:

       a.      Counts One and Two shall be grouped together into a single group

(U.S.S.G. § 3D1.2);

       b.      U.S.S.G. § 2B1.1 is the applicable guideline for the offense conduct;

3

c.      The base offense level is 6 (U.S.S.G. § 2B1.1(a)(2));

d.      The offense level must be increased by 4 levels because the loss exceeded $15,000 but not $40,000 (U.S.S.G. § 2B1.1(b)(1)(C));

e.      The offense level must be increased by 2 levels because a substantial part of the fraudulent scheme was committed from outside the United States (U.S.S.G. § 2B1.1(b)(10)(B)).

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The government therefore agrees to support a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a).

The United States and the defendant agree that they will not seek any additional offense-level enhancements or adjustments, other than those listed above, for the purpose of calculating defendant's Guidelines range. The defendant understands that this recommendation is not binding on the Probation Office or the Court.

The United States does not object to the defendant receiving credit in his sentence pursuant to 18 U.S.C. § 3585(b) for the time he spent in official detention in Germany pending extradition to the United States in this case.

**5.     Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in

4

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

### 7. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## 8. Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

## 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

## 10. Dismissal of Other Counts

Upon execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

6

11.    **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

- a.    The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

- b.    The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

- c.    The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

- d.    The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

- e.    The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

- f.    The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

such violation in evaluating whether to file a motion for a downward
departure or reduction of sentence.

g.    Nothing in this agreement places any obligation on the government to seek
the defendant's cooperation or assistance.

## 12. Use of Information Provided by the Defendant Under This Agreement

The United States will not use any truthful information provided pursuant to this
agreement in any criminal prosecution against the defendant in the Eastern District of Virginia,
except in any prosecution for a crime of violence or conspiracy to commit, or aiding and
abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no
truthful information that the defendant provides under this agreement will be used in determining
the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea
agreement, however, restricts the Court's or Probation Officer's access to information and
records in the possession of the United States. Furthermore, nothing in this agreement prevents
the government in any way from prosecuting the defendant should the defendant knowingly
provide false, untruthful, or perjurious information or testimony, or from using information
provided by the defendant in furtherance of any forfeiture action, whether criminal or civil,
administrative or judicial. The United States will bring this plea agreement and the full extent of
the defendant's cooperation to the attention of other prosecuting offices if requested.

## 13. Prosecution in Other Jurisdictions

The United States Attorney's Office for the Eastern District of Virginia will not contact
any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information
that the defendant provides under this agreement to aid a prosecution of the defendant in that
jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the

defendant provides pursuant to this agreement against the defendant, the United States
Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that
jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement.
The parties understand that the prosecuting jurisdiction retains the discretion over whether to use
such information.

## 14.     Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other
individual. This plea agreement is not conditioned upon any outcome in any pending
investigation. This plea agreement is not conditioned upon any result in any future prosecution
which may occur because of the defendant's cooperation. This plea agreement is not
conditioned upon any result in any future grand jury presentation or trial involving charges
resulting from this investigation. This plea agreement is conditioned upon the defendant
providing full, complete and truthful cooperation.

## 15.     Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the
applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and
Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of
Criminal Procedure, if, in its sole discretion, the United States determines that such a departure
or reduction of sentence is appropriate.

## 16.     Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to
defendant's immigration status if defendant is not a citizen of the United States. Under federal
law, a broad range of crimes are removable offenses. Because removal and other immigration

consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

17. **Consent Given for Removal from the United States**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

18. **Waiver of Rights Related to Removal from the United States**

Except as provided in paragraph 19 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. As

10

part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Germany on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Germany.

19.     **Exception for Changed Circumstances Arising After Plea**

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

20.     **Abandonment of Pending Applications for Relief from Removal**

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement. The defendant further agrees not to file or prosecute any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in paragraph 19 of this plea agreement.

21.     **The Defendant's Cooperation in the Defendant's Removal**

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other

documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

## 22.    Plea Agreement Binding for Purposes of Removal Proceedings

The defendant agrees that the defendant intends the agreements contained in this plea agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement. In particular, the defendant acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

## 23.    Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

        a.    The United States will be released from its obligations under this
             agreement, including any obligation to seek a downward departure or a

12

reduction in sentence. The defendant, however, may not withdraw the
guilty plea entered pursuant to this agreement;

b.      The defendant will be subject to prosecution for any federal criminal
violation, including, but not limited to, perjury and obstruction of justice,
that is not time-barred by the applicable statute of limitations on the date
this agreement is signed. Notwithstanding the subsequent expiration of
the statute of limitations, in any such prosecution, the defendant agrees to
waive any statute-of-limitations defense; and

c.      Any prosecution, including the prosecution that is the subject of this
agreement, may be premised upon any information provided, or
statements made, by the defendant, and all such information, statements,
and leads derived therefrom may be used against the defendant. The
defendant waives any right to claim that statements made before or after
the date of this agreement, including the statement of facts accompanying
this agreement or adopted by the defendant and any other statements made
pursuant to this or any other agreement with the United States, should be
excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),
the Sentencing Guidelines or any other provision of the Constitution or
federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in
an appropriate proceeding at which the defendant's disclosures and documentary evidence shall
be admissible and at which the moving party shall be required to establish a breach of the plea
agreement by a preponderance of the evidence.

13

## 24. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____

Brandon Van Grack
Special Assistant United States Attorney

Maya D. Song
Jay V. Prabhu
Assistant United States Attorneys

Scott K. McCulloch
Nathan M.F. Charles
Trial Attorneys, U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section

Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment.  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 16-09.16

_____
PETER ROMAR
Defendant

Defense Counsel Signature:  I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending indictment.  Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 9/27/16

_____
Geremy C. Kamens
Counsel for the Defendant