IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | Criminal No. 1:16-cr-140 |
|---|---|
| v. | Hon. Claude M. Hilton |
| PETER ROMAR, (a/k/a "PIERRE ROMAR"), | Sentencing Date: October 21, 2016 |
| Defendant. | |

**GOVERNMENT'S POSITION ON SENTENCING**

From 2013 to 2014, defendant Peter Romar helped a notorious hacking group called the Syrian Electronic Army, or SEA, receive extortion proceeds from U.S. businesses and others. Defendant, an SEA affiliate living in Germany, agreed to receive funds in Germany from victims whose computer databases the SEA had hacked, and to then transfer those funds to SEA members in Syria. Defendant's role in this scheme enabled his co-conspirators to bypass international sanctions that prevented financial institutions from transferring money directly to Syria. The government submits that given defendant's role in this hacking and extortion scheme, a sentence within defendant's Sentencing Guidelines range is appropriate and not more than necessary under the sentencing factors in 18 U.S.C. § 3553(a) – a recommendation to which defendant agrees.[1]

**I.    Background**

The Court issued a criminal complaint against defendant Peter Romar and co-conspirator Firas Dardar (a/k/a "The Shadow") in September 2015. ECF No. 1 (Criminal Complaint). The

---

[1] *See* ECF No. 43 (Defendant's Position on Sentencing) at 1 (requesting Guidelines sentence).

complaint charged defendants with multiple conspiracy counts relating to their hacking and cyberextortion scheme. On March 15, 2016, defendant Romar was arrested in Germany at the request of the United States and in accordance with the Mutual Legal Assistance Treaty between the two countries. On May 9, 2015, defendant was extradited and placed in United States' custody. He made his initial appearance in this Court the next day. ECF No. 13 (Minute Entry). In June 2016, a three-count indictment was returned against defendant, and three months later the Court accepted defendant's guilty plea to two of those counts. ECF Nos. 17 (Indictment) & 37-38 (Plea Agreement). Defendant now stands convicted of conspiracy to commit offenses against the United States – and specifically, to receive, possess, conceal, or dispose of any money or other property that was obtained from cyberextortion communications – in violation of 18 U.S.C. § 371; and of conspiracy to commit computer hacking in furtherance of receiving extortion proceeds, in violation of 18 U.S.C. § 1030(b).

## II. Sentencing Analysis

To determine defendant's sentence, the Court must consult both the Sentencing Guidelines and the sentencing factors in 18 U.S.C. § 3553(a). Although the Sentencing Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). Under the required procedures, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (citation omitted).

A.  **Sentencing Guidelines**

Defendant's properly calculated sentencing range under the U.S. Sentencing Guidelines is 6-12 months. As set forth in Paragraph 4 of the plea agreement (ECF No. 37), the parties agree that the following Guidelines apply to defendant's offense level:

| **Guideline** | |
|---|---|
| Base offense level (Section 2B1.1(a)(2)) | 6 |
| Loss exceeded $15,000 but not $40,000 (Section 2B1.1(b)(1)(C)); | +4 |
| Substantial part of fraudulent scheme was committed outside of the United States (Section 2B1.1(b)(10)(B)) | +2 |
| Acceptance of responsibility (Section 3E1.1(a)) | -2 |
| **TOTAL OFFENSE LEVEL** | **10** |

The parties also agree that under Section 3D1.2, both of defendant's convictions are combined into a single group for purposes of calculating defendant's adjusted offense level.

Because defendant has no criminal history in the United States, and the government is unaware of any foreign convictions that the Court might consider under Guidelines Section 4A1.3, the government submits that defendant has zero criminal history points and is thus at Criminal History Category I. With an adjusted offense level of 10 and at Criminal History Category I, defendant's Guidelines range is 6-12 months.

B.  **Section 3553 factors**

Consideration of the sentencing factors in 18 U.S.C. § 3553 further supports a sentence within the properly calculated Guidelines range.[2] The SEA's notoriety dates back to at least fall

---

[2] Title 18, United States Code, Section 3553(a) provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -- (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense,

2011, when it engaged in well-publicized computer hacking activities in support of Syrian President Bashar al-Assad. ECF No. 38 (Statement of Facts or SOF), ¶ 3. Beginning in 2013, SEA members – under the leadership of member "The Shadow" – also initiated a cyberextortion scheme that targeted U.S. companies and others. Using so-called "spearphishing" attacks, SEA members obtained unauthorized access to their victims' computer databases and stole valuable information, defaced sites, and disabled services. SEA members then threatened their victims with further damage unless a ransom was paid. *Id.*

Defendant sought to help and support the SEA once he became familiar with the underground group and its activities. SOF ¶ 2. In April 2013, defendant and SEA leader Ahmad 'Umar Agha (a/k/a "The Pro") discussed hacking activities, and defendant was later put in contact with "The Shadow." *Id.* ¶ 4. Beginning in November 2013, defendant agreed with "The Shadow" to receive money in Germany from SEA extortion victims, and to then transfer that money to SEA members in Syria. *Id.* ¶¶ 5-13. Defendant, after learning that many German financial institutions refused to transfer money to Syria due to international sanctions against Syria, found alternative means of transferring the illegal proceeds to "The Shadow." *Id.* ¶¶ 6, 8. Given the nature and circumstances of defendant's criminal conduct, his history and characteristics, and the need for general and specific deterrence, the government submits that a within-Guidelines sentence is warranted in this case.

---

to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for -- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."

**III.     Conclusion**

For the reasons stated above, the government respectfully submits – in agreement with defendant – that a sentence within the Guidelines range of 6-12 months is sufficient but not greater than necessary under 18 U.S.C. § 3553(a). The government also respectfully requests that a restitution order be entered, payable to victims whose names will be submitted under seal.

          Respectfully submitted,

          Dana J. Boente
          United States Attorney

By:      /s/
          Maya D. Song
          Assistant United States Attorney
          Brandon Van Grack
          Special Assistant United States Attorney
          United States Attorney's Office
          Eastern District of Virginia
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          Ph: (703) 299-3700
          Fax: (703) 299-3981
          maya.song@usdoj.gov
          brandon.van.grack2@usdoj.gov

          Scott K. McCulloch
          Nathan Charles
          Trial Attorneys, U.S. Department of Justice
          National Security Division

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing to counsel of record.

By:     /s/
Maya D. Song
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Ph: (703) 299-3707
Fax: (703) 299-3981
maya.song@usdoj.gov